IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**SHAWN TYSON** and<br>**NATASHA NATILE FRANCE,**<br><br>Defendants. | **I N F O R M A T I O N**<br><br>Criminal No. 3:19cr0009<br><br>Violations:<br><br>18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 922(a)(5)<br>18 U.S.C. § 1715 |

The United States Attorney Charges:

## COUNT ONE
*(Felon in Possession of Ammunition)*

On or about the 13th day of December, 2018, in the District of the Virgin Islands, the defendant,

**SHAWN TYSON,**

having been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess in and affecting interstate and foreign commerce ammunition, that is, approximately 100 rounds of ammunition, including 5.56 caliber ammunition, said ammunition having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT TWO
*(Willful Transfer, Sale or Transport of Weapons to Another Unlicensed, Out-State-Person)*

On or about the 10th day of November, 2018, in the District of the Virgin Islands and elsewhere, the defendant,

## NATASHA NATILE FRANCE,

not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully transfer, give, transport and deliver firearms, that is, the parts necessary to complete eight (8) ATI Omni Maxx Hybrid, 5.56 caliber pistols, including, namely, the lower receivers for such pistols, as well as three (3) additional ATI Omni Maxx Hybrid lower receivers (with all such eleven (11) lower receivers falling within the definition of "firearm" as defined in 18 U.S.C. § 921(a)(3)(B), and all of which had obliterated serial numbers), to SHAWN TYSON said person not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in the State of Georgia, the State in which the defendant was residing at the time of the aforesaid transfer, giving, transportation and delivery of the firearm.

In violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

## COUNT THREE
*(Willful Transfer, Sale or Transport of Weapons to Another Unlicensed, Out-State-Person)*

On or about the 13th day of November, 2018, in the District of the Virgin Islands and elsewhere, the defendant,

## NATASHA NATILE FRANCE,

not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully transfer, give, transport and deliver firearms, that is, the parts necessary to complete two (2) complete Mini Draco, 7.62 pistols, including, namely, the lower receivers for such pistols (with both such lower receivers falling within the definition of "firearm" as defined in 18 U.S.C. § 921(a)(3)(B), and both of which had obliterated serial numbers), to SHAWN TYSON, said person not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, and knowing and with reasonable cause to believe that said person was not then residing in the State of Georgia, the State in which the defendant was residing at the time of the aforesaid transfer, giving, transportation and delivery of the firearm.

In violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

## COUNT FOUR
### *(Mailing Nonmailable Firearms)*

On or about the 10th day of November, 2018, in the District of the Virgin Islands and elsewhere, the defendants,

**SHAWN TYSON and NATASHA NATILE FRANCE,**

did deposit for mailing and delivery, and knowingly cause to be delivered by mail according to the direction thereon, and at any place to which it is directed to be delivered by the person to whom it is addressed firearms declared nonmailable, that is, the parts necessary to complete eight (8) ATI Omni Maxx Hybrid, 5.56 caliber pistols, including, namely, the lower receivers for such pistols, as well as three (3) additional ATI Omni Maxx Hybrid lower receivers (with all such eleven (11) lower receivers falling within the definition of "firearm" as defined in 18 U.S.C. § 921(a)(3)(B), and all of which had obliterated serial numbers), and did aid and abet each other in so doing.

In violation of Title 18, United States Code, Sections 1715 and 2.

# COUNT FIVE
## *(Mailing Nonmailable Firearms)*

On or about the 13th day of November, 2018, in the District of the Virgin Islands and elsewhere, the defendants,

**SHAWN TYSON and NATASHA NATILE FRANCE,**

did deposit for mailing and delivery, and knowingly cause to be delivered by mail according to the direction thereon, and at any place to which it is directed to be delivered by the person to whom it is addressed firearms declared nonmailable, that is, the parts necessary to complete two (2) Mini Draco, 7.62 pistols, including, namely, the lower receivers for such pistols (with both such lower receivers falling within the definition of "firearm" as defined in 18 U.S.C. § 921(a)(3)(B), and both of which had obliterated serial numbers), and did aid and abet each other in so doing.

In violation of Title 18, United States Code, Sections 1715 and 2.

## COUNT SIX
*(Mailing Nonmailable Firearms)*

On or about the 14th day of November, 2018, in the District of the Virgin Islands and elsewhere, the defendants,

**SHAWN TYSON and NATASHA NATILE FRANCE,**

did deposit for mailing and delivery, and knowingly cause to be delivered by mail according to the direction thereon, and at any place to which it is directed to be delivered by the person to whom it is addressed firearms declared nonmailable, that is, the parts necessary to complete three (3) ATI Omni Maxx Hybrid, 5.56 caliber pistols, including, namely, the lower receivers for such pistols, as well as two (2) additional ATI lower receivers (with all such five (5) lower receivers falling within the definition of "firearm" as defined in 18 U.S.C. § 921(a)(3)(B), and all of which had obliterated serial numbers), and did aid and abet each other in so doing.

In violation of Title 18, United States Code, Sections 1715 and 2.

GRETCHEN C.F. SHAPPERT,
UNITED STATES ATTORNEY

Dated: January 28, 2019    By: _____
Meredith J. Edwards
Assistant United States Attorney
U.S. Attorney's Office
5500 Veterans Drive, Suite 260
St. Thomas, VI 00802-6424

## **FORFEITURE NOTICE**

1. The allegations contained in Counts One through Six of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(5), and 1715 forth in Counts One through Six of this Information, the defendants, SHAWN TYSON and NATASHA NATILE FRANCE, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to:

- All ammunition seized from the defendant's residence;
- The ATI Omni Maxx Hybrid, 5.56 pistol parts, including the lower receivers with obliterated serial numbers, referenced in Count Two and Four;
- The Mini Draco, 7.62 pistol parts, including the lower receivers with obliterated serial numbers, referenced in Count Three and Five;
- The ATI Omni Maxx Hybrid, 5.56 pistol parts, including the lower receivers with obliterated serial numbers, referenced in Count Six.

3. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).